■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAM AIMONE, Respondent.—Orders of the Supreme Court, New York County, dated May 12, and June 22, 1978, which granted defendant's motion to set aside a jury verdict convicting him of criminal sale of a controlled substance in the first degree and dismissed the indictment, reversed, on the law, motion denied, indictment and verdict reinstated, and the case is remanded for sentence. The issue presented concerns certain hearsay statements conditionally admitted during the trial under the exception to the hearsay rule that permits the introduction into evidence against a defendant of statements by a coconspirator during the course of and in furtherance of a conspiracy. (People v Salko, 47 NY2d 230, 237-238.) In granting defendant's motion to set aside the jury verdict convicting him of criminal sale of a controlled substance in the first degree and to dismiss the indictment, the trial court held that the independent evidence failed to establish defendant's participation in a conspiracy to sell the narcotic drugs, that the hearsay statements were accordingly inadmissible, and that the admissible evidence failed to establish defendant's guilt beyond a reasonable doubt. We disagree and,

accordingly, reverse the orders granting defendant's motion, reinstate the indictment and the verdict, and remand the case for sentence. From the independent, indisputably admissible evidence, the jury could have reasonably concluded that defendant was in possession of the narcotic drugs shortly before their sale to the undercover officer; that his personal movements in the period leading up to the sale and accompanying it confirmed his involvement in the criminal act; that the money received by a codefendant in exchange for the narcotic drugs was immediately delivered to a car in which the defendant and another were present; and that an overheard statement by the defendant to another constituted an admission of guilt. This independent evidence seems to us more than sufficient to constitute a prima facie case of the defendant's involvement in the conspiracy. (See *People v Salko, supra.)* Accordingly, the statements by the coconspirator conditionally admitted into evidence were properly considered by the jury. The evidence as a whole convincingly supports the jury's verdict that the defendant was guilty of the crime charged. Concur—Birns, J. P., Sandler, Ross, Bloom and Yesawich, JJ.